■ In the Matter of MICHAEL S., a Child Alleged to be Neglected. CANDIDO S., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [695 NYS2d 566] —Order of disposition, Family Court, Bronx County (John Hunt, J.), entered on or about May 7, 1997, which, to the extent appealed from, placed appellant's son with the Commissioner of Social Services for a period of 12 months upon a fact-finding determination that appellant neglected his son by failing to provide proper supervision and guardianship for him, unanimously affirmed, without costs.

The Family Court's finding of neglect against appellant is supported by the requisite preponderance of the evidence (*see*, Family Ct Act § 1046 [b]). The uncontested proof established that during the first three years of the subject child's life, while the child was living with his mother, appellant visited the child infrequently and rarely contributed to his financial support. In August 1995, the mother turned the child over to appellant's care, and after approximately two weeks, appellant left the child in the care of his sister, who was on public assistance, without making any inquiry into her ability to support the child. For a period of nine months thereafter appellant contributed a total of $30 to the support of the child, only after being asked to do so. During the entire time the child was with appellant's sister, appellant left no address or telephone number where he could be reached; he could not be contacted at work and only initiated contact with the child on a few occasions. When, in late 1995 or early 1996, appellant was incarcerated he failed to advise his sister or the child's mother of that circumstance. Appellant's behavior clearly evinced utter indifference to his son's physical and emotional well-being and, under the above-described circumstances, placed the child in imminent danger of impairment (*see*, Family Ct Act § 1012 [f] [i]). We reject appellant's argument that Family Court's finding of neglect was affected by cultural and class bias. There is no indication in the record that Family Court's finding was based on anything other than the "minimum degree of care" standard set forth in the Family Court Act (*ibid*; *see also*, *Matter of Katherine C.*, 122 Misc 2d 276, 278). Concur—Rosenberger, J. P., Tom, Mazzarelli, Saxe and Buckley, JJ.